UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

HAROLD ORCUTT

                              Petitioner,

              -v.-

                                                      9:09-CV-205
GARY FILLION, Superintendent,                         (LEK/ATB)
Coxsackie Correctional Facility

                              Respondent.

HAROLD ORCUTT, 99-B-0639, Petitioner, *pro se*
ALYSON J. GILL, Assistant Attorney General, for Respondent

ANDREW T. BAXTER, United States Magistrate Judge

## REPORT and RECOMMENDATION

    This matter has been referred to me for Report and Recommendation pursuant to 28 U.S.C. § 636(b) and LOCAL RULES N.D.N.Y. 72.3(c).[1]

## I.    Introduction

    Petitioner, Harold Orcutt, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging a January 20, 1999, judgment of conviction from the Schoharie County Court.  (Petition ("Pet.") ¶¶ 1–2, Dkt. No. 1).  He raises following grounds in support of his petition: (1) the evidence was insufficient to support a conviction of "depraved indifference" murder; (2) New York failed to apply recent changes in its case law to petitioner's case while it was still pending on direct appeal, which is

---

[1] The case was originally referred to the Honorable Gustave J. Di Bianco and was assigned to me upon Judge Di Bianco's retirement on January 4, 2010.

purportedly contrary to, and an unreasonable application of, clearly established federal law; and (3) petitioner's trial counsel provided ineffective assistance. (Pet. ¶ 12).

Petitioner filed his pro se habeas corpus petition on February 19, 2009. (Dkt. No. 1). Respondent has filed an answer, memorandum of law, and the pertinent state court records. (Dkt. Nos. 7, 8, 10). For the following reasons, this court finds that the petition should be dismissed.

## II.    Background

### A.    Facts

On October 20, 1997, petitioner was home with his girlfriend, her two children from a previous marriage, and their two children.[2]  That evening, petitioner went upstairs and found his eight-month old daughter unresponsive and not breathing. She was later pronounced dead at the hospital. The following day, petitioner signed a statement, indicating that the night before, he had taken his eight-month old daughter to bed. The baby struggled as he took her upstairs and tried to put her in her crib. Petitioner held his daughter and shook her as hard as he could, until her eyes rolled back in her head. He then wrapped her head in a blanket and pushed another blanket against her face, squeezing the front and back of her head until she stopped breathing. He then went back downstairs.

---

[2] These facts are as stated by the Appellate Division's decision on the direct appeal of petitioner's conviction. *People v. Orcutt*, 49 A.D.3d 1082, 1083 (2008).

**B.     State Court Proceedings**

A Schoharie County Grand Jury charged petitioner with two counts of Murder in the Second Degree (N.Y. PENAL LAW § 125.25(1), (2))[3] and one count of Endangering the Welfare of a Child (N.Y. PENAL LAW § 260.10(1)).[4]  After a jury trial, petitioner was acquitted of intentional murder, but convicted of "depraved indifference" Murder in the Second Degree (N.Y. PENAL LAW § 125.25 (2)).  He was sentenced to a term of 25 years to life imprisonment.  (Pet. ¶¶ 3–6).

On or about January 12, 2007, petitioner filed a motion to vacate his conviction pursuant to N.Y. CRIM. PROC. LAW section 440.10(h), based upon various allegations of ineffective assistance of trial counsel.  Schoharie County Court Judge George R. Bartlett, III, denied the motion without a hearing on May 18, 2007.  *People v. Orcutt*, Indict. No. 97-26 (County Ct. May 18, 2007) (attached as exhibit to Pet., Dkt. No. 1 at 16–25).

Petitioner's direct appeal and the appeal from the denial of his section 440.10 motion were consolidated.[5]  On March 27, 2008, the Appellate Division, Third

---

[3] Under N.Y. PENAL LAW section 125.25(1), a defendant commits murder in the second degree when "[w]ith intent to cause the death of another person, he causes the death of such person or of a third person."  Under section 125.25 (2), a defendant commits murder in the second degree if "[u]nder circumstances evincing a depraved indifference to human life, he recklessly engages in conduct which creates a grave risk of death to another person, and thereby causes the death of another person."  *Id.*

[4] On consent, the charge of Endangering the Welfare of a Child was not submitted to the jury.  *People v. Orcutt*, 49 A.D.3d at 1084, n.1.

[5] Appellant's Brief explains the extensive delays in perfecting the direct appeal, due primarily to six years of delays in obtaining the trial transcript.  (Dkt. No. 10-1 at 22–24).

3

Department, affirmed petitioner's conviction and affirmed the denial of his section 440.10 motion to vacate.  (Pet. ¶ 9(a)–(d); *People v. Orcutt*, 49 A.D.3d 1082 (3d Dep't 2008)).  The New York Court of Appeals denied leave to appeal on June 18, 2008. (Pet. ¶ 9(e); *People v. Orcutt*, 10 N.Y.3d 938 (2008)).

## DISCUSSION

### III.    Standard of Review

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a federal court may grant habeas corpus relief with respect to a claim adjudicated on the merits in state court only if the adjudication of the claim: (1) was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or (2) was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.[6]  *Schriro v. Landrigan,* 550 U.S. 465, 473 (2007) (citing 28 U.S.C. § 2254(d)(1), (2)); *Hawkins v. Costello,* 460 F.3d 238, 242–43 (2d Cir. 2006).

A state court decision violates the "contrary to" clause of § 2254(d)(1) when it "reaches a result opposite to the one reached by the Supreme Court on the same question of law or arrives at a result opposite to the one reached by the Supreme Court on a 'materially indistinguishable' set of facts."  *Earley v. Murray*, 451 F.3d 71, 74 (2d Cir. 2006) (quoting *Williams v. Taylor,* 529 U.S. 362, 405–06 (2000)).  A federal

---

[6] "Clearly established federal law" in this context "refers only to the holdings of the Supreme Court."  *Rodriguez v. Miller*, 537 F.3d 102, 106 (2d Cir. 2008) (citing *Williams v. Taylor,* 529 U.S. 362, 412 (2000)).

habeas court may only grant the writ as an "unreasonable application" of law when the state court's decision "identifies the correct rule of law but applies that principle to the facts of the petitioner's case in an unreasonable way." *Id.* at 74 (citing *Williams*, 529 U.S. at 413). "The question under AEDPA is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable—a substantially higher threshold." *Schriro,* 550 U.S. at 473. Federal habeas courts are also required under AEDPA "to presume the correctness of state courts' factual findings unless applicants rebut this presumption with 'clear and convincing evidence.'" *Id.* (citing § 2254(e)(1)).

## IV.   <u>Sufficiency of the Evidence</u>

### A.   State Court Decision

Petitioner's direct appeal to the Third Department challenged his conviction on five grounds: (1) the factual allegations in count two of the indictment charging depraved indifference murder were insufficient to support such a charge, (2) the evidence was legally insufficient to support a conviction of depraved indifference murder because the evidence only supported an intentional murder, (3) the trial court's denial of petitioner's N.Y. Crim. Proc. Law section 440.10 motion to vacate the conviction was inappropriately denied without a hearing, (4) the Appellate Division should exercise its discretionary "interest of justice" jurisdiction and review the facts of petitioner's case *de novo*, and (5) ineffective assistance of trial counsel. (*See* Pet'r's  Appellate Br. iii–v; *People v. Orcutt*, 49 A.D.3d 1082, 1085).

On March 27, 2008, the Appellate Division affirmed, holding that petitioner's challenge to his conviction based on the insufficiency of the factual allegations in the indictment was not preserved for appellate review because the issue was not included in pretrial motions, and no objection was raised during trial. *See People v. Orcutt*, 49 A.D.3d at 1085; N.Y. CRIM. PROC. LAW §§ 210.20 [1], 210.25. The Appellate Division also held that the sufficiency of the evidence issue was not preserved by a specific motion during trial, as required by N.Y. CRIM. PROC. LAW section 290.10 [1]. *See People v. Orcutt*, 49 A.D. 3d at 1085. Petitioner's motion pursuant to N.Y. CRIM. PROC. LAW section 330.30[7] was likewise not sufficient to preserve the claims on appeal. *Id.* The Appellate Division declined to exercise its "interest of justice jurisdiction to take any corrective action based upon law developed years after defendant's trial." *Id.*

## B.   Procedural Default

Petitioner's first and second grounds for federal habeas relief are closely related. Petitioner's first ground states that the evidence at trial was insufficient to support a conviction of depraved indifference murder. (Pet. ¶ 12). Petitioner makes this claim based on certain changes in New York law that occurred after his trial and

---

[7] A N.Y. CRIM. PROC. section 330.30 motion is a motion to set aside the verdict and is made after the guilty verdict, but before sentencing. N.Y. CRIM. PROC. § 330.30. The motion is based on one of three grounds listed in the section. *Id.* at (1)–(3). This is distinguished from a section 440.10 motion, which is a motion to vacate the conviction, and may be made at any time after the entry of a judgment. N.Y. CRIM. PROC. LAW § 440.10(1). In this case, the Appellate Division held that petitioner's section 330.30 motion also did not preserve the sufficiency issues.

that this court will discuss below.  His second "ground" is that the Appellate Division incorrectly failed to apply those recent changes to his case on direct appeal.

The Appellate Division specifically relied on procedural grounds when dismissing petitioner's first claim.  *See Galdamez v. Keane*, 394 F.3d 68, 77 (2d Cir. 2005) (procedural bar applies when the last state court rendering the judgment "clearly and expressly states that its decision rests on a state procedural bar") (citing *Glenn v. Bartlett*, 98 F.3d 721, 724 (2d Cir. 1996) (quoting *Harris v. Reed*, 489 U.S. 255, 263 (1989)).  The procedural bar at issue herein was the petitioner's failure to preserve the sufficiency of evidence claim by a specific motion during trial.  *See People v. Orcutt*, 49 A.D.3d at 1085.  New York's contemporaneous objection rule provides that issues not raised at trial, and issues that are not preserved by a specific objection at the time of a claimed error, will not be considered on appeal.  N.Y. CRIM. PROC. LAW § 470.50(2).  Unpreserved error may be reviewed by the Appellate Division only as a matter of discretion in the interests of justice.  *Id.* § 470.15(1), (3)(c), (6)(a).

An "adequate and independent" state court finding of procedural default will bar federal review of the constitutional claim unless petitioner demonstrates either (1) good cause for the default and actual prejudice resulting from the alleged violation of federal law; or (2) that the denial of habeas relief would leave unremedied a "fundamental miscarriage of justice," *i.e.*, that he is actually innocent.  *Calderon v.*

*Thompson*, 523 U.S. 538, 559 (1998); *Coleman v. Thompson*, 501 U.S. 722, 748–750 (1991); *Murray v. Carrier*, 477 U.S. 478, 496 (1986)*; Fama v. Commissioner*, 235 F.3d 804, 809 (2d Cir. 2000).

In order to constitute an "adequate and independent" state ground, the state procedural rule must be "firmly established and regularly followed" by the state courts and the application of the rule would not be "exorbitant." *Clark v. Perez*, 510 F.3d 382, 391 (2d Cir. 2008); *Murden v. Artuz*, 497 F.3d 178, 192 (2007); *Garvey v. Duncan*, 485 F.3d 709, 713-14 (2d Cir. 2007). Even if a state rule is "discretionary," it may serve as an "adequate and independent" state rule. *Beard v. Kindler*, 130 S. Ct. 612, 618 (2009). A discretionary rule may be "firmly established and regularly followed" even if the appropriate exercise of discretion may allow consideration of the federal claim in some cases but not others. *Id.* In *Lisojo v. Rock*, a situation identical to that of petitioner in this case, the court held that section 470.05(2) was an adequate and independent state ground because it was both "firmly established" and "regularly followed."[8] *Lisojo v. Rock*, No. 09 Civ. 7928, 2010 U.S. Dist. LEXIS 31152, at *64–86, 2010 WL 1223086 (S.D.N.Y. March 31, 2010) (Report-Recommendation by

---

[8] The petitioner in *Lisojo* failed to specifically object to the sufficiency of the evidence as to depraved indifference murder at trial, and the Appellate Division denied review of the claim based on the same procedural default, declining to address the merits in the "interests of justice," as the Appellate Division did in this petitioner's case. 2010 U.S. Dist. LEXIS 31152 at *63–64, 2010 WL 1223086.

Peck, M.J.), *adopted by Lisojo v. Rock*, No. 09 Civ. 7928, 2010 U.S. Dist. LEXIS

42262, 2010 WL 1783553 (S.D.N.Y. April 29, 2010).  This court agrees with the

reasoning in *Lisojo* and finds that section 470.05(2) is an adequate and independent

state ground for denying petitioner's sufficiency claim.  Because the Appellate

Division in this case clearly rested its decision on a procedural default, the court must

determine whether petitioner has shown cause and prejudice.

To establish cause, a petitioner must show that some objective external factor

impeded his or her ability to comply with the relevant procedural rule, such as

governmental interference or the reasonable unavailability of the factual basis for the

claim.  *Coleman*, 501 U.S. at 753 (citing *Murray*, 477 U.S. at 488); *McClesky v. Zant*,

499 U.S. 467, 493–94 (1991); *Restrepo v. Kelly*, 178 F.3d 634, 639 (2d Cir. 1999).  If

a petitioner fails to establish cause, a court need not decide whether he suffered actual

prejudice, because federal habeas relief is generally unavailable as to procedurally

defaulted claims unless *both* cause and prejudice are demonstrated.  *Murray*, 477 U.S.

at 496; *Stepney v. Lopes*, 760 F.2d 40, 45 (2d Cir. 1985).

Petitioner has not addressed the issue of cause and prejudice.  Constitutionally

ineffective counsel could rise to the level of cause for a procedural default.  *See*

*Bossett v. Walker*, 41 F.3d 825, 829 (2d Cir. 1994) (citation omitted).  Although

petitioner does not specifically allege ineffective assistance of trial counsel as "cause,"

9

he does allege ineffective assistance of trial counsel in a separate claim.  When he raised ineffective assistance of counsel in his motion to vacate, he included an allegation that counsel was ineffective for failing to properly challenge the sufficiency of evidence.[9]  *People v. Orcutt*, Indict. No. 97-26 (County Ct. May 18, 2007) (attached as exhibit to Pet.) (Dkt. No. 1 at 17).  As discussed below, the court finds that petitioner's claim of ineffective assistance of counsel is without merit.  Thus, petitioner has not established cause, and the court need not reach the issue of prejudice.

Petitioner claims that the Appellate Division should not have relied on the procedural default, but should have considered his claim "in the interests of justice,"[10] because had the court considered the merits, petitioner claims that the court would have applied the new law and decided the issue in petitioner's favor.  However, petitioner has no constitutional right to Appellate Division review of errors not protested at trial.  *Acosta v. Artuz*, 575 F.3d 177, 186 (2d Cir. 2009).  Thus, he cannot establish a separate claim that the Appellate Division should not have relied on a procedural default and should have considered the merits of the sufficiency claims "in

---

[9] Due to the liberality with which *pro se* pleadings are treated, and without considering whether this basis for ineffective assistance of counsel has actually been raised in this petition, the court will consider the issue as potential "cause" for petitioner's default.

[10] Petitioner states that he did raise this issue in his application for leave to appeal to the New York Court of Appeals.  (Pet. ¶ 9(g)(6)).  Thus, to the extent that this can be interpreted as a separate claim, it has been exhausted.

the interests of justice."[11]

In addition, petitioner does not allege any grounds to establish that the denial of habeas relief would result in a fundamental miscarriage of justice. As the court pointed out in *Lisojo*, the fundamental miscarriage of justice exception exists to protect those who are "actually innocent." 2010 U.S. Dist. LEXIS 31152 at *91, 2010 WL 1783553 (citing *Schlup v. Denno*, 513 U.S. at 321, 324). "Actual innocence" means "factual innocence," not mere "legal insufficiency." *Id.* (quoting *Bousley v. United States*, 523 U.S. 614, 623–24 (1998)). A claim of actual innocence requires petitioner to put forth new, reliable evidence that was not presented at trial. *Cabezudo v. Fischer*, 05-CV-3168, 2009 U.S. Dist. LEXIS 112842, at *35, 2009 WL 4723743 (E.D.N.Y. Dec. 1, 2009) (citing *Lucidore v. N.Y.S. Div. of Parole*, 209 F.3d 107, 114 (2d Cir. 2000)); *Schlup v. Delo*, 513 U.S. at 316, 327–28. In order to be actually innocent, the petitioner must show that "in light of new evidence, 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" *Id.* (quoting *House v. Bell*, 547 U.S. 518, 536–37 (2006)).

---

[11] The court would point out that in *People v. Jean-Baptiste*, the court held that the new standard for depraved indifference articulated in *People v. Feingold,* 7 N.Y.3d 288 (2006) applies to cases brought on direct appeal in which the defendant has "***adequately challenged the sufficiency of the proof as to his depraved indifference murder conviction***." *People v. Jean-Baptiste*, 11 N.Y.3d 539, 542, 872 N.Y.S.2d 701 (2008) (emphasis added). This finding was based on the traditional common-law principle that cases on direct appeal are generally decided in accordance with the law as it exists at the time the appellate decision is made. *Id.* (citations omitted). Petitioner in this case did not "adequately challenge" the sufficiency of the proof, and the Appellate Division, therefore, did not evaluate petitioner's case under the new interpretation of depraved indifference, a decision that is completely consistent with the Court of Appeals decision in *Jean-Baptiste.*

In this case, petitioner has not presented any new, reliable evidence and has not otherwise established that he is factually innocent of Murder in the Second Degree, even under the new legal standards he contends should have been applied to him on appeal.[12]  Thus, the miscarriage of justice exception does not apply in this case, and petitioner's sufficiency of evidence claim (Ground 1) is procedurally barred and should be dismissed.  Petitioner's second ground is an argument regarding the Appellate Division's failure to consider Ground 1 in the interests of justice and must also be dismissed.  The court will now turn to petitioner's claim that his counsel was ineffective.

## V.   Ineffective Assistance of Trial Counsel

### A.   State Court Decisions

Petitioner's challenge based on the ineffective assistance of trial counsel was decided on the merits.  The Appellate Division held that, given the status of New York law at the time of petitioner's trial, his attorney was not ineffective in failing to move

---

[12] On appeal, petitioner argued that the evidence did not support his conviction for depraved indifference murder under the *Feingold* interpretation of N.Y. PENAL LAW section 125.25(2), but was consistent only with intentional murder under section 125.25(1).  Although the court need not reach the merits, it is likely that petitioner could have been convicted of depraved indifference murder even under the new standard; and thus, the result in his case would have been the same notwithstanding any alleged constitutional violations.  *See People v. Manos*, No. 101786, 2010 N.Y. App. Div. LEXIS 4206, 2010 WL 1994197 (3d Dep't May 20, 2010).  In *Manos*, using the *Feingold* standard, the Appellate Division found that the evidence was sufficient to find defendant guilty of depraved indifference murder when the defendant battered her two-year-old niece and left her to drown.  Defendant purposefully held the child's face under water until she stopped screaming, then propped the child up in the tub and left her alone, despite knowing that the child had ingested a substantial amount of water and was unresponsive.  *Id.* at *2–11.

to dismiss the depraved indifference count, based on law that did not exist until years after the trial. *See People v. Orcutt*, 49 A.D.3d at 1086–87. The Appellate Division ultimately found that trial counsel "made appropriate pretrial motions . . . vigorously cross-examined the People's witnesses . . . routinely registered relevant objections . . . [and] ardently pursued a cogent defense theory." *Id.* at 1087. The Appellate Division found that "defendant was meaningfully represented." *Id.* Petitioner's ineffective assistance of trial counsel claim was clearly decided by the Appellate Division on the merits, and this court may review the third ground of petitioner's habeas petition under the deferential AEDPA standard.[13]

## B.    Supreme Court Precedent

To demonstrate constitutionally ineffective assistance of counsel, a petitioner must demonstrate that: (1) counsel's performance fell below an objective standard of professional reasonableness; and (2) but for counsel's alleged errors, the results of the proceedings would have been different, and as such, petitioner suffered prejudice. *Wiggins v. Smith*, 539 U.S. 510, 521 (2003); *Smith v. Robbins*, 528 U.S. 259, 285–86 (2000); *Strickland v. Washington*, 466 U.S. 668, 694 (1984). A reviewing court must determine not whether the state court's rejection of the ineffective assistance of counsel claim was correct, but whether, under *Strickland,* it was "objectively

---

[13] Prior to his direct appeal, petitioner also raised his ineffective-assistance-of-counsel claim in a motion to vacate his conviction which was also clearly denied on the merits. (State Court Records, Ex. B, Appellant's Record on Appeal 282–91).

unreasonable." *Mosby v. Senkowski*, 470 F.3d 515, 519 (2d Cir. 2006) (citing *Williams*, 529 U.S. at 409).

Under New York law, a person is guilty of second degree murder if, "under circumstances evincing a depraved indifference to human life, he recklessly engages in conduct which creates a grave risk of death in another person, and thereby causes the death of another person."  N.Y. PENAL LAW § 125.25(2).  A reckless mental state exists when a person "is aware of and consciously disregards a substantial and unjustifiable risk" that death or serious injury will occur.  *People v. Bowman*, 48 A.D.3d 178, 181 (3d Dep't 2007) (quoting N.Y. PENAL LAW § 15.05[3] ).  "The risk must be of such nature and degree that disregard thereof constitutes a gross deviation from the standard of conduct that a reasonable person would observe in the situation." N.Y. PENAL LAW § 15.05(3).

At the time of petitioner's trial in 1998, the law governing depraved indifference was based on *People v. Register*, 60 N.Y.2d 270 (1983).  Depraved indifference crimes contained both a mental element (recklessness) and a voluntary act (engaging in conduct which creates a grave risk of death to another person).  *Register*, 60 N.Y.2d at 276.  The requirement that a defendant's conduct occur "[u]nder circumstances evincing a depraved indifference to human life" referred to "neither the *mens rea* nor the *actus reus*" but rather to "the factual setting in which the risk

14

creating conduct must occur." *Id.*; *see also People v. Sanchez*, 98 N.Y.2d 373, 381 (2002) ("defendant's disregard of the risk elevates and magnifies the degree of recklessness, itself establishing the required circumstances evincing depraved indifference to human life").  The relevant focus at that time was on "the objective circumstances" in which the act occurred, and those circumstances defined "the degree of risk created by the defendant." *See Policano v. Herbert*, 7 N.Y.3d 588, 599–600 (2006).  As the New York Court of Appeals explained in *Sanchez*, and clarified in *Policano,* "strong proof of intent did not foreclose the jury from finding recklessness and depraved indifference" because the defendant's state of mind was a "classic matter for the jury." *Id.*

After petitioner's trial, New York's interpretation of the element "'under circumstances evincing a depraved indifference to human life . . . gradually and perceptibly changed from an objectively determined degree-of-risk standard (the *Register* formulation) to a *mens rea*, beginning with . . . [*People v. Hafeez*, 100 N.Y.2d 253 (2003)] . . . and ending with [*People v. Feingold*, 7 N.Y.3d 288 (N.Y. 2006)].'" *Alexander v. Graham*, No. 07-CV-59, 2008 WL 4239167, at *6–7, 2008 U.S. Dist. LEXIS 77870 (E.D.N.Y. Sept. 11, 2008) (quoting *Policano*, 7 N.Y.3d at 602–03) (internal citations omitted).  During this gradual change, the New York Court of Appeals eventually ruled that the element of depraved indifference could rarely

apply in the instance of a "one on one shooting or knifing (or similar killing)[.]" *Policano*, 7 N.Y.3d at 601 (quoting *People v. Payne*, 3 N.Y.3d 266, 272 (2004)).  The court also ruled that a "defendant may be convicted of depraved indifference murder when but a single person is endangered in only a few rare circumstances." *Id.* (quoting *Suarez,* 6 N.Y.3d at 212).

Petitioner in this case wanted the Appellate Division to examine his trial counsel's failure to make a specific objection regarding the sufficiency of evidence establishing depraved indifference under the rule articulated *Feingold*, a case decided in 2006.  However, in order to determine whether petitioner's trial counsel's performance fell below an objective standard of reasonableness, the Appellate Division evaluated trial counsel's conduct based on the law as it existed at the time of counsel's challenged conduct.  The relevant time period during petitioner's trial in late 1998 was nearly five years **before** the New York Court of Appeals decided *Hafeez*, the first case in which the Court began "chipping away" at the objective test of *Register*. *Register* and *Sanchez* were not "overruled until the Court of Appeals said explicitly in *People v. Feingold* 'what the Court in *Suarez* stopped short of saying: depraved indifference to human life is a culpable mental state.'"  *James v. Smith*, No. 06-CV-6441, 2008 WL 755601, at *7, 2008 U.S. Dist. LEXIS 22591 (E.D.N.Y. Mar. 20, 2008) (internal citations omitted).

16

Under *Register* and *Sanchez*, whether petitioner intended to cause serious physical injury to his daughter or consciously disregarded the substantial risk that his conduct would cause that injury was "a classic matter for the jury." *Alexander*, 2008 WL 4239167, at *6, 2008 U.S. Dist. LEXIS 77870 (quoting *Policano*, 7 N.Y.3d at 599). Under *Register*, it was not permissible to convict a defendant for a depraved indifference crime where the evidence showed that the defendant committed it "with the conscious objective of killing the victim," it was for the jury "to sort out the defendant's state of mind unless there was absolutely no evidence whatsoever that the defendant might have acted unintentionally." *Policano*, 7 N.Y.3d at 600–01.

The Second Circuit has long recognized that "[c]ounsel is not required to forecast changes in the governing law." *Mayo v. Henderson*, 13 F.3d 528, 533 (quoting *Strickland*, 466 U.S. at 690). Petitioner's trial counsel's failure to make a specific motion for a trial order of dismissal on legal sufficiency grounds was reasonable under *Register* and *Sanchez*. *See Soto v. Conway*, 565 F. Supp. 2d 429, 438 (E.D.N.Y. 2008) (noting that had a claim of trial counsel ineffectiveness been preserved, the court would not find trial counsel was ineffective for failing to preserve a depraved-indifference sufficiency claim based upon subsequent changes in the law

17

because counsel was not required to forecast such changes).[14]

     In this case, trial counsel moved to dismiss all of the charges against petitioner "on the grounds that the People have failed to prove each and every element thereof." (Trial Transcript, Sept. 21 & 22, 1998, at 52–53; Dkt. No. 10-14 at 146–47).  While it is true that counsel's motion was insufficient to preserve the sufficiency of evidence issue that petitioner seeks to raise in this habeas petition, the Appellate Division did not apply *Strickland* unreasonably when it found that counsel's failure to anticipate a change in the law that would occur years after petitioner's trial did not fall below an objective standard of reasonableness.  The Appellate Division also rejected petitioner's other claims of error, finding that the trial court "properly denied" petitioner's N.Y. CRIM. PROC. LAW section 440.10 (1)(h) motion "without a hearing, given that the motion was fully reviewable upon the trial record and submissions;

---

[14] *See also Alexander*, 2008 WL 4239167, at *7, 2008 U.S. Dist. LEXIS 77870 (trial counsel "was not ineffective for failing to anticipate the *Hafeez*-to-*Feingold* progression."); *Cruz v. Conway*, No. 05-CV-4750, 2007 WL 1651855, at *7, 2007 U.S. Dist. LEXIS 97922 (E.D.N.Y. Jun. 6, 2007) (petitioner shot victim in the back and shot him again after he fell; counsel not ineffective for failure to object to the sufficiency of evidence as to depraved indifference murder because controlling law was *Register*); *Farr v. Greiner*, No. 01-CR-6921, 2007 WL 1094160, at *23, 2007 U.S. Dist. LEXIS 26401 (E.D.N.Y. Apr. 10, 2007) (petitioner fired four shots at close range to victim's head, neck, and torso; counsel not ineffective for failure to object to the sufficiency of evidence as to depraved indifference murder because controlling law was *Register*); *Crespo v. Fischer*, No. 06 Civ. 2577, 2006 WL 3486805, at *7–8, 2006 U.S. Dist. LEXIS 94769 (S.D.N.Y. Nov. 27, 2006) (petitioner placed a plastic bag over victim's head, sealed it at the neck, covered the victim's head and face with duct tape, then kicked victim's head and remained present until victim died; counsel not ineffective for failure to object to the sufficiency of evidence as to depraved indifference because controlling law was *Sanchez/Register*).

indeed, defendant had not shown 'that the nonrecord facts sought to be established are material and would entitle him to relief.'" *People v. Orcutt*, 49 A.D.3d at 1087–88 (quoting *People v. Satterfield*, 66 N.Y.2d 796, 799 (1985)).

In sum, the Appellate Division's rejection of petitioner's ineffective assistance of counsel claim was not objectively unreasonable, nor contrary to clearly established Supreme Court precedent. Additionally, because petitioner's counsel was not ineffective in failing to raise the specific sufficiency of evidence claim at trial, petitioner may not use ineffective assistance of counsel as "cause" for his procedural default. Therefore, petitioner's remaining claims should be dismissed.

## VI.   Certificate of Appealability

For the reasons set forth above, the petition for a writ of habeas corpus filed by Petitioner should be denied and dismissed. In addition, no certificate of appealability ("COA") should issue in this case because petitioner has failed to make a "substantial showing of the denial of a constitutional right" pursuant to 28 U.S.C. § 2253(c)(2). *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) ("§ 2253 permits the issuance of a COA only where a petitioner has made a 'substantial showing of the denial of a constitutional right'"); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) ("where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: the petitioner must demonstrate that reasonable

jurists would find the district court's assessment of the constitutional claims debatable or wrong"); *Richardson v. Greene*, 497 F.3d 212, 217 (2d Cir. 2007) (If the denial of a habeas petition is based upon procedural grounds, "the certificate of appealability must show that jurists of reason would find debatable two issues: (1) that the district court was correct in its procedural ruling, and (2) that the applicant has established a valid constitutional violation"); *see also Lucidore v. New York State Div. of Parole*, 209 F.3d 107, 112 (2d Cir. 2000), cert. denied 531 U.S. 873 (2000).

**WHEREFORE**, based on the findings above, it is

**RECOMMENDED**, that the Petition be **DENIED** and **DISMISSED**; and it is further

**RECOMMENDED**, that no certificate of appealability should be issued.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72, 6(a), & 6(e).

Dated: June 9, 2010

Hon. Andrew T. Baxter
U.S. Magistrate Judge